HORN v. MARGOLIS et al.

(Supreme Court, Appellate Term, First Department. June 3, 1915.)

REPLEVIN ☞103—JUDGMENT FOR DEFENDANT—SUFFICIENCY.

    In replevin, a judgment for defendants, with costs, which did not provide for the return of the property, or fix any value, or give damages for its seizure, is meaningless, and will be reversed; the plaintiff being in possession of the goods.

    [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 398–411; Dec. Dig. ☞103.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Horn against Harry Margolis and another. From a judgment for defendants and an order denying new trial, plaintiff appeals. Reversed and remanded.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Samuel Dickstein, of New York City, for appellant.
Samuel M. Shack, of New York City, for respondents.

LEHMAN, J. The plaintiff has brought an action in replevin, and by virtue of the writ of replevin has in his possession the property

which is the subject-matter of the action. The defendant Margolis is in default for failure to answer, and the defendant Yamansky has answered, denying the alleged conversion, and setting up a counterclaim for damages suffered by the seizure of the goods under the writ. After the case was tried, judgment was rendered against the plaintiff in favor of the defendants for the sum of $10 costs.

Although I have some doubts as to whether any judgment against the plaintiff is in accordance with the weight of evidence, that point need not be considered here, for the reason that the judgment obviously does not dispose of the issues raised by the pleadings. It absolutely fails to provide for the return of the property, or to fix any value for the chattels, or give any damage for its seizure. In its present form the judgment is meaningless. The plaintiff is in possession of the goods, and neither possession nor damages have been awarded to the defendant, yet the judgment is in favor of the defendants, with $10 costs. The judgment should therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.